UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:   CHRISTOPHER L. HARPER and        Case No. 04-17702
         THERESA I. HARPER,
                Debtors.

CHAPTER 13 PLAN

I. PROPERTY AND FUTURE EARNINGS
   1. The Debtor submits the following property and future earnings to the supervision and control of the trustee:

   Future Earnings: $485.00 per month for the duration of plan.

   2. The Debtor has the following non-exempt assets available which effect the calculation of future earnings necessary for the plan:
   A. Equity of 6dw$17,500.00 in real property

II. DURATION OF PLAN
    1. The payments shall be made by or on behalf of the debtor to the trustee for a period of 60 months.

III. CLASSIFICATION AND TREATMENT OF CLAIMS
     1. Full payment in deferred cash payments of all claims entitled to priority under 11 USC 507, including trustee's compensation of 6%.
     2. Payment to debtor's attorney of the remainder of his unpaid fee in the amount of $1,000.00.
     3. Allowed secured claims dealt with inside the plan:
        A. NBT BANK
        Trustee shall pay creditor the sum of $4500.00 as and for fair market value of 2000 Sylvan Boat, plus interest at 5% per annum.

        B. Kawasaki Retail Services
        Trustee shall pay creditor the sum of $3,500.00 as and for the fair market value of the 2002 Four Wheeler.

     4. Secured claims payable outside plan:
        A. City National Bank
        Debtor shall make monthly automobile payment as due each month directly to lender.

        B. The CIT Group

> Debtor shall make monthly mortgage payment each month as due directly to creditor.

    5. Other Claims Payable Under Plan:
        A. None

6. Holders of allowed secured claims shall retain the liens securing such claims.

7. Subsequent to secured claims, unsecured creditors whose claims are duly allowed ratably to the amount of such claims shall share pro rata approximately the sum of $17,500.00, which will constitute approximately and at least 30% of the anticipated total of such claims.

IV.    OTHER PROVISIONS

1. There are no executory contracts of the debtor to be accepted or rejected.
2. Title to the debtor's property shall revest in the debtor at the time of the confirmation of the plan, unless otherwise stated in the Order confirming the plan.
3. The effective date of this plan will be the date of the Order confirming the plan.
4. The payments by the debtor will be made directly to the trustee, beginning with the first month following the issuance of the Order confirming the plan.

DATED: November 29, 2004

    /s/ Christopher L. Harper
Christopher L. Harper, Debtor

  /s/ Theresa I. Harper
Theresa I. Harper, Debtor

 /s/ Jason A. Brott
Jason A. Brott, Esq.
Attorney for Debtor
4193 State Highway 30
Amsterdam, New York 12010
(518) 627-0202